FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 14 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PILAR ASTON,<br><br>Plaintiff<br><br>v.<br><br>THE CORPORATION OF<br>MERCER UNIVERSITY,<br><br>Defendant. | Civil Action No. 1:13-CV-3172-RWS-JSA |

### Joint Preliminary Report and Discovery Plan

1. **Description of Case:**

    (a) Describe briefly the nature of this action.

    <u>Plaintiff</u>: *Plaintiff was attending Mercer University from 2009-2010 when she learned the program she was pursuing was phased out. She spoke with Dr. Blome who was her advisor at the time to get instruction to her course of action. Plaintiff was advised by Dr. Blome that he and Gail Johnson were working on ways to deal with the students that had not finished the program. Dr. Blome began the process and Plaintiff attended as a direct study or independent student, Plaintiff never at that point took any other class at the facility, online being the only other method. Dr. Blome began working with Plaintiff; several complaints were made by Plaintiff in reference to the delay in the process that caused the Plaintiff to drag out her completion towards her degree. In early 2012 Mercer University student loan department started contacting the Plaintiff in reference to delinquent account. Plaintiff informed them that she was still taking classes; they ignored that fact and continue to harass the Plaintiff. Plaintiff informed them if they did*

1

*not stop she would pursue legal action. Defendants at that point began reporting Plaintiff to credit reporting agencies as delinquent, and did not inform direct loans that she was still taking classes, plaintiff than filed a complaint with Bankruptcy Court to stop the harassment. Plaintiff informed the Judge that she was still taking classes and the Defendants were trying to collect on deferred loans. Lawyer for Mercer University inform the Judge that Plaintiff may or may not be still taking classes but he did not have that information. Judge informed the Plaintiff to go to the school and talk to them to solve the matter; Plaintiff agreed he then dismissed the case. After discussion fail Plaintiff filed this case, for violation of Fair Credit Reporting Act.*

Defendant:
Plaintiff did not complete the coursework necessary to achieve her desired degree and did not pay back student loans she received while attending Mercer as promised. Mercer has not granted her a degree, and has reported her delinquent status to the credit reporting agencies. Plaintiff has filed suit against Mercer alleging that it has violated the Fair Credit Reporting Act and requesting that the Court award her a degree from Mercer; compensatory damages for "humiliation" and "emotional distress"; punitive damages; half of the tuition that she has paid to Mercer for her courses and order that Mercer provide information she deems "accurate" to the credit reporting agencies.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff:
*Defendants in or about 2009-2010, phased out the Information Degree the Plaintiff was pursuing. Plaintiff arrived at the Henry Campus for an event or other and saw Lynn Schott in the hall; he approached the Plaintiff and asked if the Plaintiff had heard the latest news. Plaintiff informed him she had not, he informed the Plaintiff that they had taken away Dr. Revels job and his program was being phased out. Plaintiff was shocked and preceded towards Crystal Frazier's office to find out*

2

*what was going on, Crystal informed that Plaintiff that it was true and showed the Plaintiff plants that Dr. Revels had given her " saying he was leaving", she explained that he was extremely upset. Plaintiff asked "what are we supposed to do", she suggested that Plaintiff contact Dr. Blome, Plaintiff did. At that point Dr. Blome and Gail Johnson had full control of the situation, Plaintiff was assured that there would be no delay and she and other student would stay on course towards their degrees. This did not happen, Plaintiff was schedule to graduate in 2011 but the program was plagued with problems, such as they appeared to not know what direction they were going, unprepared with scheduling of courses, late responding to students, completely off course, blaming students for their errors, etc.*

Defendant:

    Plaintiff attended Mercer on and off again since 1985. In 2005 she applied and was allowed to re-enter Mercer as a student in the College of Continuing and Professional Studies. Students enrolled in the College of Continuing and Professional Studies are generally older students who have jobs and are attempting to get a degree. By the summer of 2011, Plaintiff owed Mercer $2,451 for courses she had taken but for which she had not paid. She also owed Mercer $3,375 for a Porter loan she received in May 2007. Plaintiff agreed to begin making payment on her Porter loan 6 months after her departure from Mercer. Plaintiff was last formally enrolled in Mercer during the summer semester of 2011. Mercer University began its efforts to collect the outstanding tuition owed by the Plaintiff in late 2011/early 2012 and began to try to collect the outstanding balance she owed on the Porter loan in the summer of 2012.

    In the fall of 2012, Plaintiff attempted to register in the Informatics 110 course. However, Mercer's policies hold that a student cannot register for a course until any outstanding balances a student may owe to the University are paid. Plaintiff did not pay any tuition to Mercer for

3

        the Informatics 110 course. Mercer notified her that she could not be enrolled in the course because of the hold on her records. Although Mercer did not register the Plaintiff for the course and she did not pay for it, Plaintiff did coursework in the Informatics 110 course as an independent study course.

(c)   The legal issues to be tried are as follows:

<u>Plaintiff</u>:
1. *Whether the Defendants can collect on a loan that was deferred until departure while plaintiff attended classes as independent student and or direct study student.*
2. *Whether the Defendants were illegally giving the Plaintiff classes therefore the cause on this harm.*
3. *Whether the Defendants can report loans delinquent that had not come due at that point because on independent studies.*
4. *Whether the Defendants illegally misrepresented facts for the two classes that they now say the Plaintiff owes for, when usually classes are dropped if not paid by the end of drop and add unless promissory is signed.*
5. *Whether the Defendants violated the Fair Debt Collection Act.*
6. *Whether the Defendant violated the Fair Credit Reporting Act.*
7. *Whether the Defendant were negligent with duty of care to student.*
8. *Whether the Defendant were malicious towards the Plaintiff as she became uncomfortable with their methods and complained.*
9. *Whether the Defendants are liable for damages to the Plaintiff for delaying her for three years and preventing her from continuing her education.*
10. *Whether the Defendants are liablable for causing credit issues as they reported she was in collection for debt that had not become due.*

<u>Defendant</u>:   Liability, causation and damages

(d)   The cases listed below (include both style and action number) are:

<u>Plaintiff</u>:

4

(1) Pending Related Cases:

(2) Previously Adjudicated Related Cases:

Defendant:

(1) Pending Related Cases:

(2) Previously Adjudicated Related Cases:

Aston v. Mercer University, Ch. 7 Case No. 10-70502, Ad. Proc. No. 12-5230 (Bankr. N.D. Ga. 2012) (Judge James E. Massey)

**2.** This case is complex because it possesses one or more of the features listed below (please check):

| | | |
|---|---|---|
| N/A | (1) | Unusually large number of parties |
| N/A | (2) | Unusually large number of claims or defenses |
| N/A | (3) | Factual issues are exceptionally complex |
| N/A | (4) | Greater than normal volume of evidence |
| N/A | (5) | Extended discovery period is needed |
| X | (6) | Problems locating or preserving evidence |
| N/A | (7) | Pending parallel investigations or action by Government |
| N/A | (8) | Multiple use of experts |
| N/A | (9) | Need for discovery outside United States boundaries |
| N/A | (10) | Existence of highly technical issues and proof |
| N/A | (11) | Unusually complex discovery of electronically stored information |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: PILAR ASTON *Pro se*
POB 19186
ATLANTA, GEORGIA 31126
678.906.6662

Defendant:
Jeffery O. Monroe, Esq.
Georgia Bar Number 516196
Jones, Cork & Miller, LLP
435 Second Street, Suite 500
Macon, Georgia 31211
(478) 745-2821 (Telephone)
(478) 743-9609 (Facsimile)

4.  **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

____ Yes   _X_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

Plaintiff: *Equifax, TransUnion, Experian, Direct Loans, Plaintiff reserve the right to add other through discovery.*

Defendant: N/A

(b)  The following persons are improperly joined as parties:

Plaintiff:

6

Defendant: N/A

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

Plaintiff:

Defendant: N/A

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

> Plaintiff: *Plaintiff will amend Original Complaint to add other Violations.*
>
> Defendant:
> > Mercer anticipates that it will amend its original answer to add its counterclaims against Plaintiff for amounts owed to it.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a) (1) (B).

## 9.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Plaintiff: Does request a scheduling conference

Defendant:
      Mercer does not request a scheduling conference at this time, but reserves the right to request such a conference later should the need arise.

## 10.  Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>Plaintiff</u>:
*1. All the Defendants communications with any member of their staff that worked on Plaintiff case.*
*2. Defendants communication with credit reporting agencies*
*3All financial aid information for Plaintiff*
*4. All email from Dr. Revels, Dr. Blome, Gail Johnson, in reference to Plaintiff*
*5. Plaintiffs grades from Insy 115,391 and other classes taken with Dr. Revels by Plaintiff, and email related.*

<u>Defendant</u>:

Mercer University will need discovery on the subjects below which include, but are not limited to:

1) Plaintiff's communications (written and oral) with Mercer University.

2) Plaintiff's communications (written and oral) with any and all credit reporting agencies.

3) Plaintiff's alleged damages.

4) Any and all financial aid Plaintiff received to attend Mercer University.

5) Courses taken by Plaintiff while attending Mercer University.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be

conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

>Plaintiff: *Plaintiff needs court to persuade the Defendants to stop delay as this is their pattern of practice.*

>Defendant:
>>Mercer does not anticipate the need for discovery beyond what has already been provided.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Plaintiff: Yes.

Defendant: None.

(b) Is any party seeking discovery of electronically stored information?

X   Yes         ___ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

10

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

<u>Plaintiff:</u> *None at this time, Plaintiff reserves the right as needed.*

<u>Defendant:</u>

## 13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>Tuesday, March 4, 2014</u> and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): /s/PILAR ASTON *Pro se*

    Other participants: _____

_____

For defendant: Lead counsel (signature): _____

    Other participants: _____

_____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (_____)   A possibility of settlement before discovery.

11

(__X__)   A possibility of settlement after discovery.
(_____)   A possibility of settlement, but a conference with the judge is needed.
(_____)   No possibility of settlement.

( c )   Counsel (<u>do</u>) intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is __unknown__, 2014.

(b)   The following specific problems have created a hindrance to settlement of this case.

## 14   Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)   The parties (<u>X</u>) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2014.

(b)   The parties (_) do not consent to having this case tried before a magistrate judge of this Court.

_____              _____
Pilar Aston, Plaintiff                                                  Jeffery O. Monroe
                                                                               Counsel for The Corporation of
                                                                               Mercer University

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2014



_____
UNITED STATES DISTRICT JUDGE