IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PILAR ASTON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:13-CV-3172-RWS-JSA |
| THE CORPORATION OF MERCER : | |
| UNIVERSITY, : | |
| : | |
| Defendant. : | |

## SCHEDULING ORDER

Upon review of the Preliminary Report and Discovery Plans [21][22] filed by the parties, the Court **ORDERS** that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, filing a proposed consolidated pretrial order, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified.

Plaintiff states in her Preliminary Report that there are several entities who are "necessary parties" who have not been joined. Pl. Jt. Prelim. Report [22] at ¶ 5. Plaintiff further states that she intends to amend her "Original Complaint to add other Violations." *Id.* at ¶ 6. Amendments to the pleadings must be submitted no later than thirty days after the Joint Preliminary Report and Discovery Plan was due to be filed. *See id.* at ¶ 6(b). As the Court advised the parties in its previous Order of February 28,

2014, the Joint Preliminary Report and Discovery Plan was required to be filed by January 30, 2014. *See* Order [17] dated February 28, 2014; *see also* LR 16.2, NDGa (the Joint Preliminary Report and Discovery Plan must be filed within thirty days after the first appearance of a defendant by answer or motion or within thirty days after a removed case is filed in this Court). Thus, the deadline for filing amendments to the pleadings in this case expired on or about March 3, 2014.

Furthermore, Plaintiff has already amended her complaint once by filing a "Corrected First Amended Complaint" [6] on September 27, 2013.[1] Accordingly, pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff may amend the complaint again only with the written consent of the Defendant or with leave of Court. FED. R. CIV. P. 15(a)(2). The Court hereby extends the deadline for filing motions to amend the pleadings for **fourteen (14) days** from the date of this Order. Any motions to amend the pleadings filed after that deadline will not be granted, unless otherwise permitted by law. Plaintiff is advised that, should she file a motion to amend the Complaint, she must attach a copy of the proposed amended complaint, or set forth the substance of the proposed amendment.

---

[1] On October 16, 2013, Plaintiff filed a "Corrected Second Amended Complaint" [8]. Because Plaintiff filed that amendment without the Defendant's written consent, and without seeking leave of Court before filing, that document was stricken from the record. *See* Order [17] dated February 28, 2014, at 1-2.

This case has been assigned to a four-month discovery track and, pursuant to the Local Rules, the discovery period is set to expire on May 30, 2014. *See* LR 26.2(A), NDGa. The parties are advised that, **if a discovery dispute arises between the parties, counsel and *pro se* litigants are required to contact the chambers of the undersigned by telephone jointly, with their adversary on the line, before filing a motion.** If successive attempts to contact the adversary are unsuccessful, if the adversary refuses to contact the Court jointly, or if there is some other good cause for why a joint call could not be accomplished, the initiating party may send a letter, not to exceed two (2) pages, describing the discovery issue for which relief is sought and the reasons why no joint call was made. This letter must be copied on all adversaries. Motions to compel, motions for protective order, motions for sanctions or any other motion arising out of a dispute over any discovery matter should ordinarily not be filed without a prior conference with the Court.

Plaintiff also requests a scheduling conference with the Court. Pl. Jt. Prelim. Report [22] at ¶ 9. Plaintiff has not stated any issues that would be addressed at a scheduling conference, nor has she otherwise explained why she has requested a conference with the Court. Accordingly, Plaintiff's request for a scheduling conference is **DENIED** at this time. Should the parties request a scheduling conference with the Court at any time during the discovery period, they should do so

by following the procedures set forth above for requesting a discovery conference with the Court.

Pursuant to Local Rule 16.4, the parties must file a proposed consolidated pretrial order no later than thirty (30) days after the close of discovery, or entry of the court's ruling on any pending motions for summary judgment, whichever is later. *See* LR 16.4, NDGa. The Court extends the deadline for filing a proposed consolidated pretrial order until **forty (40) days** after the close of the discovery period, or, in the event that any party files a motion for summary judgment, until **thirty (30) days** after the district court's final ruling on all pending motions for summary judgment, whichever is later.

Finally, the Court notes that the parties state that they consent to having this case tried before a Magistrate Judge. *See* Def. Jt. Prelim. Report [21] at ¶ 14(a); Pl. Jt. Prelim. Report [22] at ¶ 14(a). While Defendant has submitted its written consent, Plaintiff has failed to so. *See* Def. Notice, Consent and Reference of a Civil Action to a Magistrate Judge [21-1]. If the parties do, in fact, consent to trial before a Magistrate Judge, they must follow the procedures set forth in Local Rule 73.1, which requires both parties to complete and file a Consent to Jurisdiction by a United States Magistrate Judge form. *See* LR 73.1B(2), NDGa. The Clerk is **DIRECTED** to mail to Plaintiff, along with a copy of this Order, a "Notice, Consent and Reference of a

Civil Action to a Magistrate Judge" form. Until the parties have filed a Consent to Jurisdiction by a United States Magistrate Judge form that is signed by all parties, this case will remain assigned to the presiding District Judge for trial.

**IT IS SO ORDERED** this 19th day of March, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE